**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

In re: MARIAH LYNNE TAIT, Debtor　　　　Case No.: 5:23-bk-70095
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7

**ORDER AND OPINION DENYING MOTION FOR JUDGMENT ON PARTIAL FINDINGS; DENYING VERBAL MOTION FOR SUMMARY JUDGMENT; AND DENYING MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f)**

On April 19, 2024, the above-referenced debtor, Mariah Lynne Tait [debtor or Tait], through her attorney, filed her *Debtor's Motion to Avoid Lien* [Motion]. In the Motion, the debtor alleges that a lien arose from an order entered in the Circuit Court of Benton County, Arkansas [Order] in which the Circuit Court found that the debtor had agreed to a finding of negligence against her, damages in the amount of $2,500,000, and that a judgment should be entered in favor of Racheal Wasniewski [creditor or Wasniewski] and against the debtor pursuant to their agreement. The Motion seeks to avoid, and void, a lien under 11 U.S.C. § 522(f)(1)(A) on account of the entry of that Order. On May 10, 2024, Wasniewski filed her *Objection to Debtor's Motion to Avoid Judicial Lien* [Objection], primarily arguing that the lien cannot be avoided, or voided, because the lien does not meet the requirements for avoiding a lien under § 522(f)(1)(A); in the alternative, the creditor argues that, to the extent the Court finds that a lien exists and can be avoided, the remaining value of the lien after avoidance is $225,000.

On June 18, 2024, the Court held a hearing on the Motion and Objection. Robert Jeff Conner appeared on behalf of the debtor. Lyndsey D. Dilks appeared on behalf of Wasniewski. At the conclusion of the debtor's case-in-chief, counsel for Wasniewski made a motion for judgment on partial findings, and during her closing statement, she made a verbal motion for

summary judgment. The Court took both motions under advisement. At the conclusion of the hearing, the Court gave the parties three days to provide any additional case law they wished the Court to consider in ruling on the Motion. Neither party did so, and the Court took the Motion and Objection under advisement.

For the reasons stated below, the Court denies the motion for judgment on partial findings; denies the verbal motion for summary judgment; and denies the motion to avoid lien because the Order was not a judgment and, therefore, did not give rise to a lien under Arkansas law.

## I. Relevant Background

On December 20, 2022, Wasniewski filed a complaint against Tait in the Circuit Court of Benton County [Circuit Court or state court] for negligence. According to certain Circuit Court pleadings in evidence, when negotiations failed, the debtor sought bankruptcy relief. On January 24, 2023, the debtor filed a chapter 7 voluntary bankruptcy petition. Pursuant to Federal Rules of Bankruptcy Procedure 4004 and 4007, the deadline to object to the debtor's discharge or dischargeability of debt was set for May 15, 2023. (Dkt. No. 4). Wasniewski did not file an objection nor did she request an extension of the May 15 deadline.[1] On May 26, 2023, the Court entered the debtor's discharge pursuant to 11 U.S.C. § 727. (Dkt. No. 43).

The day before the discharge order was entered, on May 25, 2023, the Court approved an *Agreed Order Granting Relief From the Automatic Stay* [Agreed Stay Relief Order]. The Agreed Stay Relief Order "granted relief from the automatic of 11 U.S.C. § 362(a) to proceed only to allow the State court to

---

[1] There was no assertion at the hearing that Wasniewski did not receive proper notice of the deadline, and the Court's record reflects that Wasniewski was provided notice of the deadline through her Circuit Court counsel (Dkt. Nos. 4 and 6), and her bankruptcy attorney entered her appearance prior to the expiration of the deadline (Dkt. No. 7).

2

determine liability and the amount of damages owed within the Civil Case" pending in Circuit Court. After the Agreed Stay Relief Order and order of discharge were entered, the parties resumed their pending litigation in Circuit Court. During the parties' negotiations of that litigation, Wasniewski claimed that Tait had agreed to the entry of a consent judgment in the amount of $2,500,000 for negligence; Tait disagreed. Wasniewski filed a motion for summary judgment seeking to enforce the agreement. Her motion stated, in relevant part:

> Plaintiff requests summary judgment on this matter *as to liability and damages*.
> …
>
> Defendant has admitted liability and damages through her counsel, having agreed to a consent judgment in the amount of $2,500,000.00 finding her liable for negligence causing the death of Nicholas Wasniewski. Exhibit 1. There has not been a genuine dispute as to either liability or damages. Exhibit 3.

(Dkt. No. 71, p. 14) (emphasis added). Tait filed a motion for summary judgment in Circuit Court as well. Her motion stated in relevant part:

> As a result of the Discharge Order entered by the United States Bankruptcy Court, any and all obligations that the separate defendant Mariah Tait had, or may have had, to the Plaintiffs herein have been declared null and void, and it is a violation of Federal law for the Plaintiffs to pursue Mariah Tait personally for any debt and/or obligation that occurred prior to her bankruptcy. The only recourse the Plaintiffs have in this matter is a claim against separate Defendant Mariah Tait's bankruptcy estate. The Plaintiffs filed their claim in Mariah Tait's bankruptcy case on June 29, 20[2]3 in the amount of 2.5 Million Dollars. . . . There are no pending objections to the Plaintiffs claim in Mariah Tait's bankruptcy case. (See exhibit "A") The Plaintiffs are set to recover damages in Mariah Tait's bankruptcy estate.

(Dkt. No. 71, p. 83).

3

In response to Tait's motion for summary judgment, Wasniewski reiterated the relief she was requesting in Circuit Court and the relief she intended to seek in bankruptcy court:

> [T]he basic premise of Defendant's argument for summary judgment is not a denial of liability but that Plaintiff would not be able to collect a judgment. *The ability to collect the debt is not the issue*, however. Plaintiff acknowledges that she must utilize the means available in the bankruptcy court to collect on the debt owed. However, the bankruptcy court has sent the matter back to this Court *to determine the amount of that debt*. With a properly determine [sic] amount of debt, Plaintiff can assert her rights in the bankruptcy court to the proceeds of the bankruptcy estate under the appropriate laws. However, the debt must be determined.

((Dkt. No. 71, p. 117-18) (emphasis added).

On March 21, 2024, the Circuit Court entered its Order. In the Order, the Circuit Court determined that Tait had agreed to a finding of negligence against her and damages in the amount of $2,500,000. The Order found that there had been a "meeting of the minds" and stated that a judgment for $2,500,000 "should be entered" against Tait. The Order thereafter stated that "Separate Defendant Mariah Tait's Motion for Summary Judgment is also, therefore, denied."

On March 25, 2024, four days after the entry of the Order, Wasniewski filed an amended proof of claim. Like her original proof of claim, Wasniewski's amended proof of claim was an unsecured claim in the amount of $2,500,000.

Finally, on April 3, 2024, the chapter 7 trustee filed his *Notice of Final Report*, reflecting a proposed payment to "Racheal Wasniewski for the Estate of Nicholas Wasniewski" in the amount of $17,292.26, which amount was based on a wholly unsecured proof of claim for $2,500,000. (Dkt. No. 63). The final report was approved by the Court on May 3, 2024. (Dkt. No. 68).

4

## II. Issues

The issue before the Court under § 522(f) is two-fold: first, whether a lien exists at all; and second, if a lien does exist, the extent to which such lien may be avoided. At the June 18 hearing, debtor's counsel also raised whether the entry of the Order was proper because, according to the debtor, it exceeded the scope of the relief from stay granted by this Court pursuant to the Agreed Stay Relief Order. Creditor's counsel sought to preclude the Court's consideration of the effect of both the automatic stay and entry of the discharge because they were not raised in the Motion. Because the Motion did not seek damages related to an alleged violation of the automatic stay under § 362 or a finding of contempt related to an alleged violation of the discharge injunction under § 524, the Court will not consider either.

Had a lien existed, the effect of the stay and the entry of the discharge on the Order would have been relevant inquiries under § 522(f) to determine if such lien had been voided by either. *See LaBarge v. Vierkant* (*In re Vierkant*), 240 B.R. 317, 325 (B.A.P. 8th Cir. 1999); 11 U.S.C. § 524(a). For the reasons stated below, however, no lien arose, and therefore, these issues are moot.

## III. Findings of Fact and Conclusions of Law

In her Objection, Wasniewski stated that entry of "the judgment" in state court created a lien on the debtor's real property. (Dkt. No. 70, ¶ 7). During the hearing, both parties at times referred to the Order as "the judgment." However, counsel for Wasniewski also argued at the hearing that the debtor had failed to prove the existence of a judgment that gave rise to a lien subject to avoidance under § 522(f). The Court agrees. The Circuit Court determined the existence of an agreement, liability, and damages in the Order, but it did

5

not enter a judgment that would give rise to a lien under Arkansas Code Annotated § 16-65-117.[2]

"Formal requirements for a judgment in Arkansas are few. It is the final determination of the right of parties in an action." *Thomas v. McElroy*, 420 S.W.2d 530, 532 (1967) (citing Ark. Stat. Ann. § 29—101 (Repl. 1962)). A judgment must state an amount, specify the relief granted, and "must clearly show that it is the act of the law, pronounced and declared by the court upon determination and inquiry." *Id.* (citing *Baker v. State*, 3 Ark. 491 (1841)). A document's title is not controlling. *Id.* (citations omitted). "[S]trict formality in language used to express the adjudication of the court is not necessary and a 'judgment' will be tested by its substance, not its form." *Id. (*citing *Melton v. St. Louis I.M. & S.R. Co.*, 139 S.W. 289, 291 (Ark. 1911)). However, "[a] judgment is distinguished from an order in that the latter is the mandate or determination of a court on some subsidiary or collateral matter arising in an action not disposing of the merits but adjudicating a preliminary point or directing some step in the proceedings."[3] *Thomas,* 420 S.W.2d at 533 (citing 49 C.J.S. 29 Judgments § 5).

The Order meets some of the basic requirements of a judgment as it does make findings, and it sets out a damage amount; however, the Order determines the existence of an agreement *to enter into* a consent judgment. It affirms the parties' agreement as to liability and damages, but it does not, by itself, represent a judgment against Tait for several reasons.

---

[2] Arkansas Code Annotated § 16-65-117 provides that a judgment gives rise to a lien on real estate owned by the defendant in the country where the judgment was entered.

[3] The Court notes that Arkansas Rule of Civil Procedure 54 defines the term "judgment" to include "a decree and any order from which an appeal lies." However, the definition provided in Rule 54 is limited by its own language to the term "judgment" as it is "used in th[ose] rules." Ark. R. Civ. P. 54.

First, while the title of the document is not controlling, the subject order is titled "Order" and there was no document titled "judgment" entered into the record. Second, the Order does not set forth an interest accrual rate. *See Thomas,* 420 S.W.2d at 533 (stating that "[a] judgment or decree for money should state the amount which the defendant is required to pay and the date from which interest is to be computed" and citing cases). Third, context matters, and in this case, the context is unique. The relief sought by Wasniewski in her pleadings was limited to a determination as to liability and damages. This relief was consistent with the Agreed Stay Relief Order's express language that allowed stay relief for only those purposes, although the stay had been dissolved by the time of the entry of the Order.[4] The relief granted by the Circuit Court was likewise limited to those determinations, but flowed from the issue that developed during negotiations—whether Tait had made certain agreements. The Order, therefore, effectuated only a step forward in the legal proceedings, albeit an important one—a finding that Tait had agreed to liability and certain damages and stating only that a judgment *should be entered* pursuant to the parties' agreement, not that it hereby was entered. *See Moses v. Dautartas*, 922 S.W.2d 345, 348 (Ark. Ct. App. 1996) (quoting *Thomas*, 420 S.W.2d at 533, for the proposition that "'[t]he decisions, opinions, and findings of a court do not constitute a judgment or decree. They merely form the bases upon which the judgment or decree is subsequently to be rendered and are not conclusive unless incorporated in a judgment or a judgment be entered thereon.'").

Finally, Wasniewski's conduct in bankruptcy court also supports this finding. Wasniewski filed a wholly unsecured $2,500,000 claim and the trustee's report proposed a payment to her based on this claim amount. If Wasniewski

---

[4] The automatic stay protects a debtor in a chapter 7 until a discharge is granted or denied. *See* 11 U.S.C. § 362(c)(2)(C). Tait received her discharge on May 26, 2023.

believed the Order resulted in a judgment, and therefore a lien by virtue of Arkansas Code Annotated § 16-65-117, that could not be avoided under § 522(f) and was not otherwise voided by the stay or entry of the discharge, her claim would have been filed as at least partially secured at the time she filed it. And, her proposed payment on account of that claim (which payments are based on the amount of unsecured claims) would have been lower because it would have been based on an unsecured claim for some amount less than $2,500,000.

For these reasons, the Court finds that the Order does not constitute a judgment that would give rise to a lien under Arkansas Code Annotated § 16-65-117. And, because there is no judicial lien, the use of § 522(f) is inappropriate. In *In re O'Sullivan*, the Eighth Circuit found:

> our sister circuits have distinguished between "existent but presently unenforceable liens and nonexistent liens." *In re O'Sullivan*, 841 F.3d 786, 789–90 (8th Cir. 2016). Persuaded by our sister circuits' distinctions, we "conclude[d] that where a judgment gives rise to an unenforceable lien, a debtor may move to avoid that lien under § 522(f). When a judgment fails to give rise to any judicial lien (including an unenforceable lien), however, § 522(f)(1) is superfluous and without application." *Id*. at 790.

*In re O'Sullivan*, 914 F.3d 1162, 1166-67 (8th Cir. 2019). Here, the Court finds that there is no judicial lien because there was no underlying judgment entered in Circuit Court. For this reason, the Court finds that § 522 is inapplicable and, as a result, the Motion before the Court must be denied.

## IV. Conclusion

For all of the above-stated reasons, the Court denies Wasniewski's motion for judgment on partial findings,[5] denies Waskniewski's verbal motion for

---

[5] In ruling on a motion for judgment on partial findings under Federal Rule of Civil Procedure 52(c), "the court may opt to reserve judgment until all the evidence is in or until the close of the non-movant's case-in-chief. *See Int'l Union of Operating Eng'rs, Local Union 103 v. Ind. Constr. Corp.*,13 F.3d 253,

summary judgment,[6] and denies the debtor's motion to avoid lien as unnecessary based on the fact that there is no judicial lien on the debtor's property because there was no judgment entered in Circuit Court.

IT IS SO ORDERED.

Honorable Bianca M. Rucker
United States Bankruptcy Judge
Dated: 07/23/2024

cc:   Robert Jeff Conner, attorney for debtor
      Lyndsey D. Dilks, attorney for creditor
      J. Brian Ferguson, chapter 7 trustee
      United States Trustee

---

257 (7th Cir. 1994) ("[I]t is within the trial court's sound discretion to decline rendering judgment until hearing all of the evidence.")  In this case, the Court declined to render judgment on partial findings until hearing all the evidence, and the motion is now moot based on the entry of the instant order.

[6] During her closing statement, Wasniewski's counsel made a verbal motion for summary judgment on behalf of the Wasniewski pursuant to Federal Rule of Civil Procedure 56, made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7056 and 9014.  Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  At the conclusion of the June 18 hearing, the Court took Wasniewski's motion for summary judgment under advisement.  The Court now denies the motion.  Despite counsel stating that a verbal motion for summary judgment "can be made,"  the language of Rule 7056 indicates otherwise.  Rule 7056 states in relevant part that "any motion for summary judgment must be made at least 30 days before the initial date set for an evidentiary hearing . . . ."  In this case, the motion to avoid lien was initially set for hearing on June 5, which would have made May 6 the deadline for a motion for summary judgment.  In addition to setting out what must be filed with a motion for summary judgment (such as a separate and concise statement of material facts not in dispute), General Order 37 provides that a non-moving party shall have 28 days to respond to a motion for summary judgment, rather than having minutes to respond, which was the case here.